**James Cedric HARRIS, Plaintiff—Appellant,**

v.

**Harley LAPPIN, Director; Harold Watts, National Coordinator Administrative Remedy; Vanessa P. Adams, Warden; Simpson, Dr., National RDAP Coordinator; Engle, Associate Warden; Tia Patrick, RDAP Coordinator; A.C. Bro, Lieutenant, Defendants—Appellees,**

**and**

**Federal Bureau of Prisons, Defendant.**

**James Cedric Harris, Plaintiff—Appellant,**

v.

**Harley Lappin, Director; Harold Watts, National Coordinator Administrative Remedy; Vanessa P. Adams, Warden; Simpson, Dr., National RDAP Coordi-** nator; Engle, Associate Warden; Tia Patrick, RDAP Coordinator; A.C. Bro, Lieutenant, Defendants—Appellees,

**and**

**Federal Bureau of Prisons, Defendant.**

**Nos. 11–6810, 11–7066.**

United States Court of Appeals, Fourth Circuit.

Submitted: Oct. 13, 2011.

Decided: Oct. 18, 2011.

James Cedric Harris, Appellant Pro Se.

Before SHEDD, AGEE, and WYNN, Circuit Judges.

Dismissed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, James Cedric Harris seeks to appeal the magistrate judge's order denying his motion to appoint counsel (No. 11–6810) and the district court's order adopting the recommendation of the magistrate judge and dismissing his civil action without prejudice for failure to state a claim on which relief may be granted (No. 11–7066).

This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2006), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2006); Fed. R.Civ.P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 545–47, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). "[A] plaintiff

may not appeal the dismissal of his complaint without prejudice unless the grounds for dismissal clearly indicate that no amendment [in the complaint] could cure the defects in the plaintiff's case." *Domino Sugar Corp. v. Sugar Workers Local Union 392*, 10 F.3d 1064, 1067 (4th Cir.1993) (internal quotation marks omitted). In ascertaining whether a dismissal without prejudice is reviewable in this court, we must determine whether the plaintiff "could save his action by merely amending his complaint." *Id.* at 1066–67.

The district court's grounds for dismissal of Harris' civil action make clear that Harris could save his action by filing an amended complaint in the district court. Accordingly, the district court's and magistrate judge's orders are not appealable. We therefore dismiss these appeals for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED.*